**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

**WESTERN DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                   **CRIMINAL NO.: 5:18-CR-16-DCB-FKB**

**ARTHUR WILSON**                                                       **DEFENDANT**

### ORDER

This matter comes before the Court on Defendant Arthur Wilson ("Wilson")'s Motion to Declare the Indictment Defective Due to Duplicity (Doc. 139), and Motion to Suppress and/or Exclude (Doc. 138). This Court held a hearing on the aforementioned motions on October 21, 2019. Having read the Motions, memoranda in support, applicable statutory and case law, heard the arguments by the Government and Defendant, and otherwise being fully informed in the premises finds that the Defendant's Motions should be DENIED.

### Background

On August 21, 2018, Defendant Wilson was indicted in criminal case no. 5:18-cr-16-DCB-LRA on one count of conspiring with others to distribute and possess with intent to distribute 50 grams or more of methamphetamine. A warrant was issued for his arrest, and Defendant Wilson was arrested on September 27, 2018. On March 19, 2019, the Government filed a superseding indictment in criminal case number 5:18-cr-16-DCB-LRA. On July

1

24, 2019 – approximately ten months later – the Government filed a new indictment against Defendant Wilson in criminal case no. 5:19-cr-11-DCB-LRA. That indictment states that Defendant Wilson, "conspired with others to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and less than 50 kilograms of marijuana, a Schedule I controlled substance."

## Discussion

## Motion to Declare Indictment Defective

The Defendant is indicted on one count of conspiracy that alleges two violations of a single federal drug statute, 21 U.S.C. § 841(a)(1). The two violations are: (1) conspiracy to distribute and possess with intent to distribute less than 50 kilograms of marijuana, and (2) conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine. The Fifth Circuit has held, "The allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for '[t]he conspiracy is the crime, and that is one, however diverse its objects.'" United States v. Cooper, 966 F.2d 936, 939 (5th Cir. 1992). Therefore, in this case, the indictment's charge of conspiracy to commit several crimes is not duplicitous.

2

Both violations are encompassed by § 841(a)(1). However, as the Defendant correctly asserts, the sentence range for conspiracy to distribute and possess with the intent to distribute less than 50 kilograms of marijuana is significantly lower than the sentence range for conspiracy to distribute and possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine.

Defense counsel and the prosecution met with the undersigned on December 10, 2019 to discuss jury instructions and special verdict form, so as to resolve any ambiguities regarding the applicable sentencing range. As this issue shall be resolved through the abovementioned documents, the Defendant's Motion to Declare the Indictment Defective is DENIED.

**Motion to Suppress and/or Exclude**

The Defendant requests that the Court exclude a disc labeled "1-F, Recorded Calls-Wilson" that contains recordings of approximately eight (8) phone calls from the dates of March 8, 2019 through May 20, 2019. [ECF No. 138] at p. 1. The Defendant asserts that the calls are a violation of Defendant Wilson's Sixth Amendment rights. The Defendant bases this assertion on "the fact that the recorded calls were given directly to the

3

Government, one can only assume that they were recorded at the direction of the Government or law enforcement by someone working on behalf of the Government." Id. at p. 2. The Defendant asserts this is a Massiah violation, which occurs when someone acting at the request of the Government deliberately elicits incriminating statements about a charged offense. See Maine v. Moulton, 474 U.S. 159, 176–77 (1985). "[A] criminal defendant may not have 'used against him at his trial evidence of his own incriminating words, which federal agents had deliberately [and surreptitiously] elicited from him after he had been indicted and in the absence of his counsel.'" United States v. Fields, 761 F.3d 443, 477-478 (5th Cir., 2014).

The Government asserts that it did not violate the Defendant's Sixth Amendment right to counsel. The Defendant failed to meet his burden and demonstrate that the Government and their informant "took some action, beyond merely listening, that was designed deliberately to elicit incriminating remarks." Kuhlmann v. Wilson, 477 U.S. 436, 459 (1986). As evidenced by the recordings, the Defendant initiated the conversations at issue. [ECF No. 9] at p. 2.

However, even in the event that the Defendant's Sixth Amendment right to counsel has been violated, that does not necessarily prevent the Government from using the recordings for

4

purposes of cross-examination or impeachment if the Defendant testifies. The Government has not made a 404(b) Motion pursuant to the Federal Rules of Evidence, but should the Government choose to do so the Court will hold a conference outside of the presence of the jury to determine the admissibility of the evidence.

The Government correctly asserts that there is no requirement for it to provide to the Defendant a theory of admissibility or a description of the intended use of the Defendant's statements. The Government must demonstrate that the statements at issue are admissible under the Federal Rules of Evidence and lay the necessary predicate before seeking to admit any statements made by the Defendant into evidence before the jury. As such the Defendant's Motion to Suppress/Exclude is premature and is therefore DENIED.

Accordingly,

IT IS HEREBY ORDERED AND ADJUDGED that the Defendant's Motion to Declare Indictment Defective [ECF No. 139] is DENIED, and the Motion to Suppress and/or Exclude [ECF No. 138] is DENIED.

SO ORDERED AND ADJUDGED this the 20th day of December, 2019.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE