IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

UNITED STATES OF AMERICA

v.                                    CAUSE NO. 5:18-cr-16-DCB-LRA

ARTHUR WILSON                                              DEFENDANT

## ORDER

This matter is before the Court on the United States (the "Government")'s Motion for Intradistrict Transfer of Trial. [ECF No. 188]. The Defendant submitted an email to the Court that describes his objections to a possible transfer. Having read the Motion, applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds the Motion to be well taken.

## Background

Defendant Wilson's trial is scheduled to begin on August 31, 2020 in Natchez, Mississippi. The trial was continued from an original start date of March 16, 2020 because of the COVID-19 pandemic. Wilson was indicted with four co-conspirators, each of whom are detained in the Madison County jail, in Canton, Mississippi. All three co-conspirators are expected to be called to testify by the United States as material witnesses at trial. The U.S. Marshal Service bears the responsibility of producing the co-conspirators for trial as they are in federal custody.

The Government now moves to transfer the trial from the Federal Courthouse in Natchez, Mississippi to the Federal Courthouse in Jackson, Mississippi. The Natchez Courthouse is in the Western Division of the Southern District of Mississippi whereas the Jackson Courthouse is in the Northern Division of the Southern District of Mississippi. The distance between the two courthouses is approximately 115.7 miles, which equates to a driving time of roughly two hours, or four hours roundtrip.

## Discussion

Rule 18 of the Federal Rules of Criminal Procedure governs intradistrict transfer and states:

> Except as otherwise permitted by statute or by these rules, the prosecution shall be had in a district in which the offense was committed. The court shall fix the place of trial within the district with due regard to the convenience of the defendant and the witnesses and the prompt administration of justice.

A district court has "broad discretion in determining whether [an intradistrict] transfer is warranted." United States v. Alvarado, 647 F.2d 537, 539 (5th Cir. 1981). The Fifth Circuit has held that when the government is the party seeking an intradistrict transfer of a trial, it must state a "legitimate" reason for the requested transfer. See United States v. Osum, 943 F.2d 1394, 1400 (5th Cir. 1991). A district court may consider the convenience of the defendant and the witnesses, the prompt administration of justice, docket

management, logistics, whether a courthouse meets a trial's security requirements or other facilities needs, the amount of jail space, and the adequacy of security arrangements available for defendants or witnesses. See United States v. Lipscomb, 299 F.3d 303, 342–43 (5th Cir. 2002). A court may not transfer a case if the defendant makes a strong showing that the action would be prejudicial. Osum, 943 F.2d at 1399.

In this case, the government puts forth numerous reasons that would support a transfer. These reasons include, but are not limited to, the following:

(1) the United States Marshals Service has informed the United States Attorney's Office that "under the current necessary health and safety restrictions resulting from the COVID-19 pandemic, conducting the trial in Natchez, MS, would create additional risk to the health and safety of the federal detainees who are material witnesses for trial, and would cause significant hardship for the USMS [United States Marshals Service] to produce those witnesses without impeding the pace and progress of the trial;" [ECF No. 188] at 2-3.
(2) the Madison County jail has the ability to segregate detainees from any COVID-19 exposure during movement for testimony at trial, but the "Adams County jail may not have that capability depending on the volume of its inmate population at the time of trial;" Id. at 3.
(3) the Marshals Service has indicated that, should it be required to provide daily roundtrip transport of the Canton detainees to Natchez, it would need to engage the services of contractors because the Marshal Services will lack the necessary manpower and resources to conduct the transport – the Marshals will have no such concerns in transporting the detainees to the Jackson courthouse. Id. at 4.

3

> (4) the government has identified approximately 20 additional witnesses that may testify at trial, roughly half of whom reside out of state, including but not limited to Jamaica, California, Colorado, Michigan, Maryland, Texas, Florida, Georgia, and Virginia. These witnesses will, in many instances, be flying into the Jackson-Evers International Airport in Jackson, Mississippi. As the government states, "[g]iven the ongoing impact of the COVID-19 virus to the district, conducting the trial in Jackson better affords the expeditious movement of these witnesses in and out of the district." Id. 4-5.

The Defendant opposes transfer because he has family in Natchez, Mississippi with whom he can stay during the trial. However, Wilson's defense counsel resides near the Jackson, MS area. Additionally, having the trial in Jackson will not prejudice any of the Defendant's witnesses inasmuch as he has not indicated that he will be calling any to testify. The Defendant can mount his defense in Jackson just as well as he can in Natchez. Wilson has not demonstrated prejudice to prevent an intradistrict transfer.

The Chief Judge for the Southern District as well as the District Court Clerk have promulgated guidelines to promote the safety of the court staff, the jury, witnesses, attorneys, court reporter and others. Recently, measures have been taken in the Southern Division at Gulfport, Mississippi to accommodate those health issues and concerns. The courthouse in Natchez is considerably less spacious than the courthouses in Gulfport and Jackson, and it is not large enough to accommodate the distance

measures which are desirable and necessary to protect the health of all concerned.

Rule 18 requires the trial court to duly consider any resulting inconvenience to the Defendant. In this case, the factors weigh in favor of transferring the trial, despite any minor inconvenience to the Defendant. See United States v. Kaufman, 858 F.2d 994, 1006 (5th Cir. 1988)(finding that travel and lodging expenses for lawyers and witnesses do not constitute prejudice sufficient to overcome a district court's determination regarding the place of trial); see also, Alvarado, 647 F.2d at 539 (finding that the prejudicial effects of "imposing additional travel and lodging expenses upon [the defendants] and their attorneys..." did not rise to the level necessary to prove the trial judge abused his discretion in transferring venue.)

Here, the logistics – as complicated by the COVID-19 pandemic – support the Government's assertion that it would be in the best interest of judicial economy to conduct the trial in Jackson, Mississippi. Having weighed the appropriate considerations as required by the governing law and the rule of procedure, the Court finds the Government's position to be well taken.

Accordingly,

5

IT IS HEREBY ORDERED that the United States' Motion [ECF No. 188] is GRANTED.

SO ORDERED this the 8th day of July, 2020.

                                              __/s/ David Bramlette_____
                                              UNITED STATES DISTRICT JUDGE